NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMARA HARUTYUNYAN and LILIT YENGOYAN, AKA Lilit Avakyants,<br><br>Petitioners,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | Nos. 12-72200<br>12-73076<br><br>Agency Nos. A095-291-823<br>A095-291-824<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Tamara Harutyunyan, a native of Azerbaijan and a citizen of Armenia, and

Lilit Yengoyan, a native and citizen of Armenia, petition for review of the Board

of Immigration Appeals' ("BIA") June 18, 2012, and September 14, 2012, orders

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

denying their motion to reopen removal proceedings. We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petitions for review.

As to petitioners' arguments regarding ineffective assistance of counsel, the BIA did not abuse its discretion in denying petitioners' motion to reopen where petitioners failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and any ineffective assistance was not plain on the face of the record. *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) (*Lozada* compliance is not dispositive where ineffective assistance is plain on the face of the record). We lack jurisdiction to consider petitioners' contentions that Yengoyan was improperly sequestered because they failed to raise this to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust issues or claim in administrative proceedings below).

As to petitioners' arguments regarding changed country conditions, the BIA did not abuse its discretion in denying petitioners' second motion to reopen as time and number-barred, where it was filed more than seven years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish materially changed country conditions in Armenia to qualify for the regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii), *Najmabadi v. Holder*, 597 F.3d 983, 978-79 (9th Cir. 2010) (evidence must be

12-73076

"qualitatively different" to warrant reopening).  We reject petitioners' contention that the BIA discredited evidence.

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**